IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY THOMAS,<br><br>                    Defendant. | Criminal Action Number 3:09CR57 |

MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Anthony Thomas' Motion to Dismiss Indictment. (Doc. No. 13.) The parties appeared before the Court for a hearing on the matter on July 23, 2010. Upon due consideration, and for the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.

BACKGROUND

Defendant was indicted on February 17, 2009 for violations of 18 U.S.C. § 922(g)(1) Possession of Ammunition by a Felon; 18 U.S.C. § 922(g)(1), Possession of Firearm by a Felon; 26 U.S.C. § 5861(d), Possession of a Sawed-Off Shotgun; 21 U.S.C. § 844, Possession of Crack Cocaine; 21 U.S.C. §844, Possession of Heroin; and 21 U.S.C. § 844 Possession of Marijuana. (Doc. No. 1.) At the time of his federal indictment, Defendant was serving an active term of state imprisonment at the Mecklenburg Correctional Center under the Virginia Department of Corrections ("VDOC"). Upon filing of the indictment, the U.S. Marshals' office filed a detainer with VDOC.

The U.S. Attorney appeared on February 18, 2009. At some point after the detainer was filed, Defendant requested, and received, information on the Interstate Agreement on Detainers

1

("IAD"), which was provided by the correctional facility. On August 7, 2009, Defendant signed his Agreement on Detainers Form, and forwarded the form to the appropriate correctional official. His original copy has a red "received" stamp, and was dated August 12, 2009. The VDOC, through its Detainer Coordinator, issued a letter to the U.S. Attorney's Office, attaching Defendant's request for disposition of indictment, along with the cover letter from the VDOC official. (Def.'s Ex. B.) The package also included "Form III," (Def.'s Ex. C), which provides certain information required in furtherance of the IAD, and "Form IV," (Def.'s Ex. D), in the event that the Government intended to initiate an early removal. The package was executed by Gloria McGuire, on behalf of Detainer Coordinator, Teresa Ward. VDOC mailed the package by certified mail, and it was received by the U.S. Attorney's Office on September 30, 2009. The U.S. Attorney's Office took no further action at that time, and there is no record of what happened to the file once it was received by the office. No IAD paperwork from Defendant was received by this Court.

On March 26, 2010, the U.S. Attorney's Office received an e-mail message from the U.S. Marshals Service reporting that Defendant had made a request under the IAD to have his charges resolved. The U.S. Attorney could not locate the IAD request. Defendant's prior counsel was appointed on March 29, 2010, and Defendant first met with her briefly before his arraignment the morning of March 30, 2010. Defendant's prior counsel subsequently became aware of a conflict of interest in her representation, which ceased on May 4, 2010, and current counsel was appointed on May 5, 2010. Prior counsel did not make a request for speedy trial.

On May 12, 2010, counsel informed the Government about Defendant's assertions that his rights had allegedly been violated under IAD. On May 13, 2010, Defendant filed the instant Motion to Dismiss. Government counsel was still unable to find the IAD package, nor did he find it in the Court's file.

The Government conceded at the hearing on this Motion that the Defendant fulfilled his requirements for delivery of the IAD request, as more than 180 days passed from the time that the U.S. Attorney's Office received the request on September 30, 2009, until Defendant's arraignment on March 30, 2010. Therefore, the Court will not consider arguments as to the IAD package delivery issue as initially raised in the parties' briefs. The only remaining issues to resolve are whether Defendant's Indictment should be dismissed with or without prejudice, and whether the Government has violated Defendant's Constitutional right to a speedy trial under the Sixth Amendment. For the reasons stated below, the Court will dismiss the indictment without prejudice, and finds that Defendant's Sixth Amendment rights have not been violated.

DISCUSSION

A. Interstate Detainer Act

Article III of the Interstate Agreement on Detainers Act, 18 U.S.C., App.2 provides, in relevant part:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . .

18 U.S.C. App'x. 2 App. 2, Art. III(a). The 180-day time period begins to run when the prisoner's request for final disposition of the charges against him has been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against him. Fex v. Michigan, 507 U.S. 43, 50-51 (1993). Where, as here, the United States is the receiving state, the district court has discretion to dismiss an indictment for an IAD violation with or without prejudice. 18 U.S.C. App. 2 § 9(1).

3

The IAD also provides guidance as to the disposition of dismissal, stating in relevant part:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice.

18 U.S.C. App. 2 § 9(1).

The Court finds that the first factor, seriousness of the offense, weighs against the Defendant. He was indicted on charges, amongst others, of possession of ammunition by a convicted felon, possession of a firearm by a convicted felon, and possession of an unregistered firearm/sawed-off shotgun. These are serious offenses, and considered together with the nature of his prior offenses, Defendant can be deemed a potential danger to the public.

With respect to the second factor, consideration of the facts and circumstances of the IAD violation, the Court finds nothing on the record before it to suggest that the Government acted intentionally or strategically in its violation of the IAD.

Finally, the Court finds that there is no impact of reprosecution on the agreement on detainers, and a slight impact, if any, on the administration of justice, as there has been no evidence presented that the delay has caused anything that will prevent the Defendant from receiving a fair and impartial trial. With respect to Defendant's other assertions of prejudice against him relating to this factor, the Court's decision is unchanged. Defendant asserts that he lost opportunities at rehabilitation in re-entry programs based on the presence of the detainer. Though there was a slight prejudice created by the existence of the detainer, it is counter-balanced by the fact that the Defendant could have requested entry into comparable programs within the VDOC, but never did. This lessens the amount of prejudice to him.

Considering the above factors, the Court finds that Defendant's indictment should be dismissed without prejudice.

B.  Sixth Amendment Speedy Trial Right

A Sixth Amendment speedy trial violation is triggered only "by a formal indictment or information or else [by] the actual restraints imposed by arrest and holding to answer a criminal charge . . ." United States v. Marion, 404 U.S. 307, 320 (1971); see also United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995) (finding that a defendant must show first that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation'") (quoting Dogget v. United States, 505 U.S. 647 (1992)).

The Supreme Court requires a balancing of four factors in determining whether a Sixth Amendment violation to speedy and public trial has occurred: (1) the length of delay, (2) the reasons therefore, (3) the timeliness and vigor of the assertion of the speedy trial guarantee, and (4) the prejudice to the defendant. United States v. Hall, 551 F.3d 257 (4th Cir. 2009) (citing Barker v. Wingo, 407 U.S. 514 (1972)).  No one factor alone is sufficient to establish a deprivation of the right to a speedy trial. Barker, 407 U.S. at 533.  Instead, in order to prevail on a speedy trial claim, a defendant must establish that, "on balance, the four separate factors weigh in his favor."  Id.

Under Barker, the first factor in determining a Sixth Amendment speedy trial violation involves two aspects. See Doggett v. United States, 505 U.S. 647, 651-52 (1992).  First, a reviewing court must decide whether the length of the delay triggers a speedy trial inquiry.  When that delay approaches one year, the Supreme Court has suggested that courts conduct a full inquiry. See Hall, 551 F.3d at 271 (citing Doggett, 505 U.S. at 651-52, n.1).  Second, a reviewing court must weigh "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Hall, 551 F.3d at 271 (citing Doggett, 505 U.S. at 652).  "Until there is

5

some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530.

Defendant here was indicted on February 18, 2009, and was produced for arraignment more than 13 months after that date, on March 30, 2010. This made the delay "presumptively prejudicial" under the Fourth Circuit's one-year approach holding in Hall, which the Government conceded at the hearing.

In analyzing the second element of the reason for the delay, the Court must characterize the basis of the delay as either: (1) valid, for reasons such as missing witnesses; (2) improper, for delays caused by the prosecution to achieve a tactical advantage, which should be weighed heavily against the United States; or (3) neutral, for institutional delays or negligence, which should still be considered "since the ultimate responsibility for such circumstances must rest with the government rather than with defendant." Barker, 407 U.S. at 530. The Court finds that the reasons for the delay are neutral, as there is no evidence to suggest that the prosecution engaged in any kind of tactical delay to achieve an advantage over the defendant.

With respect to the third factor, Defendant's assertion of the speedy trial delay, Defendant asserted his right to speedy trial as of August, 2009. It was next raised before the Court through this Motion on May 13, 2010, subsequent to the May 5, 2010 appointment of his current counsel. These circumstances do not persuade the Court to rule in Defendant's favor.

Defendant's claim will also fail on the last factor of prejudice against him. Prejudice is not apparent because Defendant was serving an active term of state imprisonment until May 3, 2010. Once the U.S. Marshals service brought the case to the U.S. Attorney's Office's attention on March 26, 2010, Defendant was immediately arraigned on March 31, 2010, and that same day, his case was set for trial. As noted, there have been no speedy trial motions filed by Defendant before the instant

6

Motion. The period of pre-trial incarceration that the Defendant served after his state incarceration, effectively starting on May 3, 2010, is not atypical for defendants awaiting trial, and it is insufficient to amount to prejudice to the Defendant.

On balance, the Court finds that the four Barker factors do not weigh in Defendant's favor, and thus, his Sixth Amendment claim must fail.

## CONCLUSION

For the above reasons, the Court hereby GRANTS Defendant's Motion in part by DISMISSING the Indictment against him WITHOUT PREJUDICE. Defendant's Motion is DENIED with respect to his allegation of a Speedy Trial Sixth Amendment violation.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate Order shall issue.

                                                     /s/
                                 James R. Spencer
                                 Chief United States District Judge

Entered this  26th  day of July 2010